OPINION
{¶ 1} Appellant appeals his conviction and sentence by a jury in the Stark County Common Pleas Court on one count of complicity to trafficking in cocaine.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On January 2, 2003, at approximately 7:25 p.m., Appellant drove Dorothy Burt to the Motel 6 parking lot where a confidential informant had arranged for an undercover officer, Det. Pamela Denczak, to meet with her and sell her drugs.
 {¶ 4} The undercover officer had a microphone taped to her chest and a transmitter in her coat pocket. Two other police officers parked across the street to monitor and record the drug buy.
 {¶ 5} Denczak approached the passenger side of the vehicle where Burt was sitting and after providing her with a tissue in which to place the crack cocaine, Burt began to count out pieces of crack cocaine from a source bag that Appellant was holding. At one point, Appellant stated that it "looks like there is about $500.00 here."
 {¶ 6} When Det. Denczak handed over the $800.00 in exchange for the crack cocaine, the two officers waiting across the street arrested both Burt and Appellant.
 {¶ 7} On January 10, 2003, the Stark County Grand Jury indicted Appellant on one count of complicity to trafficking in cocaine, in violation of R.C. 2903.03(A)(2), a felony of the third degree.
 {¶ 8} The matter proceeded to a jury trial on May 12, 2003 and May 13, 2003.
 {¶ 9} The jury returned a verdict of guilty as charged and the trial court sentenced Appellant to two years incarceration.
 {¶ 10} It is from this conviction which Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 11} "I. The trial court erred and thereby deprived the appellant, Mr. Jermell McCole, of due process of law as guaranteed by the fourteenth amendment of the united states constitution and comparable provisions of the ohio Constitution by overruling Mr. McCole's crim. R. 29 motion for judgment of acquittal, as the prosecution failed to offer sufficient evidence to prove beyond a reasonable doubt each and every element of commplicity, trafficking in cocaine, o.r.c. 2923.03(A)(2)."
 {¶ 12} "II. The trial court erred and thereby deprived the appellant, Mr. Jermell McCole, of due process of law as guaranteed by the fourteenth amendment of the united states constitution and comparable provisions of the ohio constitution by finding Mr. McCole guilty, as the verdict for the charge of complicity, trafficking in cocaine, o.r.c. 2923.03(a)(2) was against the manifest weight of the evidence."
 {¶ 13} "III. The trial court erred to the prejudice of the appellant, Mr. Jermell McCole, when it imposed more than the shortest prison term authorized for the offense in contravention of o.r.c. 2929.14(b)."
 I. {¶ 14} In his first assignment of error, Appellant challenges the sufficiency of the evidence and argues that the trial court erred when it denied his motion for acquittal. We disagree.
 {¶ 15} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. A reviewing court will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbets
(2001), 92 Ohio St.3d 146, 162.
 {¶ 16} We have reviewed the record, and we conclude that the evidence presented by the State was legally sufficient to convince the average mind of Appellant's guilt beyond a reasonable doubt if the trier of fact believed such evidence.
 {¶ 17} We further conclude that there was sufficient competent and credible evidence presented to the jury to convince the jury beyond a reasonable doubt that the State had proven each element of the offense, see State v. Eley (1978),56 Ohio St.2d 169.
 {¶ 18} Appellant's first assignment of error is overruled.
 II. {¶ 19} In his second assignment of error, Appellant claims that the verdict was against the manifest weight of the evidence. We disagree.
 {¶ 20} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340, 515 N.E.2d 1009. This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. A finding that a conviction is supported by the weight of the evidence also includes a finding of sufficiency of the evidence.State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 21} In the present case, Appellant was found guilty of one count of Complicity. Trafficking in Cocaine.
 {¶ 22} The complicity statute, R.C. § 2923.03(A)(2), provides:
 {¶ 23} "No person acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 24} "(1) . . .
 {¶ 25} "(2) Aid or abet another in committing the offense."
 {¶ 26} The trafficking statute, R.C. § 2925.03(A)(1) and (C)(4)(c) holds:
 {¶ 27} "(A) No person shall knowingly do any of the following:
 {¶ 28} "(1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount . . .
 {¶ 29} ". . .
 {¶ 30} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 31} ". . .
 {¶ 32} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 33} ". . .
 {¶ 34} "(c) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine that is not crack cocaine or equals or exceeds one gram but is less than five grams of crack cocaine, trafficking in cocaine is a felony of the fourth degree, and there is a presumption for a prison term for the offense. If the amount of the drug involved is within one of those ranges and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the third degree, and there is a presumption for a prison term for the offense."
 {¶ 35} We have reviewed the record, and we conclude that the jury's verdict was not against the manifest weight of the evidence. Det. Pamela Denczak testified as to Appellant's participation in the drug buy. Additionally, both Special Agent McCullough and Det. George were able to testify at trial as to what transpired during the drug transaction because they heard the entire live transmission. The jury also heard the tape recording of same. Jay Spencer, a criminalist from the crime laboratory, also testified at trial verifying that the substance sold to Officer Denczak that day was in fact 7.57 grams of crack cocaine.
 {¶ 36} Reviewing the evidence as a whole, we cannot say that the jury lost its way so as to create a manifest miscarriage of justice.
 {¶ 37} Appellant's second assignment of error is overruled.
 III. {¶ 38} In his third assignment of error, Appellant argues that the trial court erred when it sentenced him to longer than the shortest possible prison term. We agree.
 {¶ 39} Pursuant to R.C. § 2953.08(G), an appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is otherwise contrary to law.
 {¶ 40} Appellant argues that he should have been entitled to the R.C. § 2929.14(B) presumption of the appropriateness of the shortest authorized prison term based on his lack of prior imprisonment.
 {¶ 41} The record reveals that the trial court, in its May 15, 2003, Judgment Entry of Sentencing at p. 3 stated "[t]he Court finds pursuant to Revised Code Section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct and the shortest prison term will not adequately protect the public for future crime by the defendant or others."
 {¶ 42} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court found when an Ohio judge imposes a non-minimum sentence for a first offense, or sentences an offender to consecutive rather than concurrent prison terms for multiple convictions, the statutorily required legal findings supporting the sentencing decisions must be announced orally in court at the time the sentence is pronounced.
 {¶ 43} Upon review of the transcript of the sentencing hearing, we find the trial court failed to state on the record at the sentencing hearing the findings required by R.C. §2929.14(E)(4) and Comer, supra. We therefore hold that a remand for re-sentencing is warranted.
 {¶ 44} Appellant's third assignment of error is sustained.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed in part and reversed in part. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with law and consistent with this opinion.
Gwin, P.J. and Edwards, J. concur.